IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER SCOTT MARLEY,

          Plaintiff,

v.                                        CIVIL ACTION NO.   2:23-cv-00495

UNITED STATES OF AMERICA, et al.,

          Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and by standing order entered on January 4, 2016, and filed in this case on July 25, 2023, this matter is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) As set forth in greater detail below, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED WITH PREJUDICE**, due to Plaintiff's failure to prosecute his claims and failure to comply with four prior Orders of this Court.

    I.    **BACKGROUND**

Plaintiff Christopher Scott Marley ("Plaintiff"), proceeding pro se, filed the *Complaint* in this civil action on July 24, 2023, naming seventeen disparate Defendants (collectively, the "Defendants"). (ECF No. 1.) First, Plaintiff named five government entities: the United States; the Federal Bureau of Investigation ("FBI"); the State of West

Virginia; the Town of Fayetteville, West Virginia; and the Fayette County, West Virginia Sheriff's Department. *Id.* Additionally, Plaintiff named six business entities: Facebook/Meta, Chase Bank/J.P. Morgan; the "Secret Sandwich restaurant"; Waterstone Outdoors; Sterling Ropes; and Patagonia. *Id.* Finally, Plaintiff named six individual Defendants: Kirk Mulcahy; Don Rizo; Gene Kistler; Maura Kistler; Zak Roper; and Micah Klinger. *Id.*

On July 26, 2023, the Court entered a *Notice of Obligation to Effect Service of Complaint*. (ECF No. 8.) Therein, the Court explained Plaintiff's obligations to effect service of process upon each of the named Defendants, within the ninety-day time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 8 (citing Fed. R. Civ. P. 4(m)).) Additionally, the *Notice* expressly notified Plaintiff that his failure to effect timely service on the named Defendants by October 23, 2023, could result in the undersigned's recommendation that this civil action be dismissed. *Id.* To date, however, the record indicates that nine of the Defendants have not been served with process as required by the Court's *Notice*; nor has Plaintiff sought additional time to effect service, or otherwise addressed this issue.

On August 18, 2023, Defendants Meta and the Town of Fayetteville, West Virginia, each filed a *Motion to Dismiss* the Complaint, on several grounds. (ECF No. 18; 21.) Because Plaintiff is proceeding pro se, out of an abundance of caution the undersigned entered an *Order* on August 23, 2023, notifying Plaintiff of his obligation to respond to the Defendants' motions "on or before" September 18, 2023—which extended the default response deadline under Local Rule 7.1(a)(7) by more than two weeks. (ECF No. 23.) The *Order* expressly notified Plaintiff "that failure to file a response to the motions . . . may

constitute an abandonment of his claims" and result in a recommendation of dismissal. To date, however, Plaintiff has not filed any response to either of the motions as ordered.

On September 18, 20223, Defendant Chase Bank/J.P. Morgan ("Chase") likewise filed a *Motion to Dismiss* the Complaint, on several grounds. (ECF No. 25.) The following day, the undersigned entered a similar *Order*, requiring Plaintiff to respond to Chase's *Motion to Dismiss* "on or before" October 19, 2023. (ECF No. 27.) Once again, the Court expressly notified Plaintiff in its *Order* "that failure to comply . . . will result in the recommended dismissal" of this civil action. *Id.* To date, however, Plaintiff has not filed any response to Chase's *Motion to Dismiss* as ordered.

Based upon Plaintiff's inaction, the undersigned entered an *Order to Show Cause* on October 4, 2023. (ECF No. 30.) Therein, the Court ordered Plaintiff to respond in writing by October 24, 2023, "to advise the Court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." *Id.* The Order also stayed proceedings pending resolution of this issue.[1] *See id.* To date, however, Plaintiff has not made any filing, has not contacted the Court, and has not attempted to address or demonstrate his intent to pursue the prosecution of this matter any further.

## II.     LEGAL STANDARDS

The Federal Rules of Civil Procedure expressly authorize the Court to dismiss an action, *with prejudice*, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of

---

[1] On October 10, 2023, after the Court stayed proceedings in this matter, the United States and the FBI filed a joint *Motion to Dismiss*.

pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Id.* at *2 (S.D. W. Va. Sept. 19, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-631 (1962) (explaining that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted," and that, "[u]nless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice.")).

The Court looks to four factors when considering whether involuntary dismissal is warranted pursuant to Federal Rule 41(b):

   (1) the plaintiff's degree of personal responsibility;
   (2) the amount of prejudice caused the defendant;
   (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
   (4) the effectiveness of sanctions less drastic than dismissal.

*Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The four *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should

not be invoked lightly[,]" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas v. Heater*, No. 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

### III.  DISCUSSION

The undersigned **FINDS** that all four of the *Hillig* factors support entry of involuntary dismissal with prejudice pursuant to Rule 41(b) under the particular circumstances of this case. *Hillig*, 916 F.2d at 174. In consideration of the first factor, the procedural history set forth at length, *supra*, demonstrates that the delays in this case are attributable solely to the Plaintiff, who simply failed to take any action to prosecute his case after August 7, 2023—in direct contravention of *four* Court Orders. (ECF Nos. 8; 9; 23; 27; 30.) Accordingly, as Plaintiff is the sole cause of the delay in this action, the first *Hillig* factor weighs in favor of involuntary dismissal. *See Favors v. Hickey*, 1:05-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006).

The second *Hillig* factor—the amount of prejudice caused to the Defendants—is also clear from the record. Five of the named Defendants—Meta, the Town of Fayetteville, Chase; the FBI; and the United States—have retained counsel and expended resources preparing and filing motions in response to Plaintiff's Complaint, in a matter that Plaintiff now appears to have no interest in pursuing. As a result, these Defendants clearly have been prejudiced by Plaintiff's flagrant waste of their time, effort, and resources. Thus, the second *Hillig* factor also weighs in favor of dismissal.

The third *Hillig* factor—the presence of a drawn-out history of deliberately proceeding in a dilatory fashion—weighs heavily in favor of dismissal. Plaintiff completely failed to serve more than half of the named Defendants; completely failed to respond to threshold motions filed by Meta, the Town of Fayetteville, Chase, and the FBI and the United States; further, Plaintiff made no attempt to show cause why dismissal would be improper. In doing so, Plaintiff categorically disobeyed the Court's *four* Orders of July 26, August 28, September 19, and October 4, 2023. (ECF Nos. 8; 23; 27; 30.)

Finally, the fourth *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal pursuant to Rule 41(b). The Court expressly and repeatedly notified Plaintiff *on four separate occasions* that such inaction could result in dismissal; because Plaintiff ignored these warnings, dismissal is proper. *Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). This is particularly so when Plaintiff has not attempted to rectify any of his noncompliance; to date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Orders, and has not contacted the Court. Indeed, Plaintiff has not made any filing on the record or otherwise taken any steps whatsoever to advance his case since August 7, 2023. (ECF No. 9.)

Nor does Plaintiff's *pro se* status in this matter exempt him from his obligation to comply with the directives of the Court's Orders and the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013). Not only was Plaintiff afforded express notices in the Court's Orders that his failure to comply could result in the recommendation of dismissal, but the Court's operative Pro Se Handbook—which the Court ordered Plaintiff to review—also explains

6

to pro se parties that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook expressly notifies pro se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Because "[t]here is nothing in the record as it currently stands which would lead the Court to conclude that [Plaintiff] is any more or less legally sophisticated than any other non-lawyer," he should be afforded "the appropriate deference by the Court, but not a free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, the undersigned **FINDS** that involuntary dismissal with prejudice is warranted pursuant to Federal Rule of Civil Procedure 41(b).

## IV.    RECOMMENDATION

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE**, and the four pending motions to dismiss (ECF Nos. 18; 21; 25; 31) be **DENIED AS MOOT**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good

cause shown. Copies of any objections shall be provided to the opposing party or, if represented by counsel, to counsel, as well as to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, mail a copy of the same to Plaintiff, and transmit a copy to counsel of record.

ENTER: October 30, 2023

Dwane L. Tinsley
United States Magistrate Judge